TRAFFIC CITATION — DISTRICT ATTORNEY ENDORSEMENT REQUIRED TO BE A CASE Oklahoma uniform traffic citations must be endorsed by a district attorney or one of his assistants before being filed and are not a case unless this is so done, except when the person arrested pleads guilty in writing. The Attorney General is in receipt of your letter in which you request an opinion with regard to the following questions: QUESTION: 1. Should the Court Clerk docket and assign a case number to Oklahoma Highway Patrol tickets, before they have been endorsed by a District Attorney? 2. Is the citation in fact a case unless it has been so endorsed by the District Attorney? ANALYSIS AND DISCUSSION: In answer to your first question, 22 O.S. 1114.3 [22-1114.3] (1968) reads as follows: "Upon receipt of a traffic ticket by the court clerk, other than a traffic ticket which has been signed by the arrested person as a plea of guilty, the court clerk shall either prepare a copy of the ticket and deliver the original to the District Attorney, or record the ticket on a list maintained in the clerk's office and deliver the ticket to the District Attorney for his disposition. After disposition of the ticket by the District Attorney, the name shall be removed from the list by the court clerk. A traffic ticket that is certified by the arresting officer, the complainant, the District Attorney, or other prosecuting attorney, shall constitute an information against the person arrested and served with the traffic ticket. The ticket shall be endorsed by the District Attorney or other prosecuting attorney, before it is filed with the court clerk; except, if the per son arrested and served with a traffic ticket either at the time he is arrested or as a subsequent time shall indicate in writing on the ticket, above his signature, that he elects to plead guilty to the violation charged, the traffic ticket shall be filed with the court clerk, as an information, without the endorsement of the District Attorney or other prosecuting attorney, and it shall be the duty of the court clerk to notify the District Attorney and the Department of Public Safety as to the fact of such filing." In answer to your first question, it is quite clear that any ticket on which the arrested person has entered a plea of not guilty and posted bond, the ticket must be endorsed by the District Attorney. This would not necessarily be true, if the person arrested indicated on the back of the uniform traffic citation that he wished to enter a plea of guilty. In that case, the ticket can be filed, docketed and given a number by the Court Clerk without the signature of the District Attorney appearing thereon, but the statute still provides that he be notified of such filing. As to your second question, 22 O.S. 1114.3 [22-1114.3] (1968) reads in part: ". . . A traffic ticket certified by the arresting officer, the complainant, the District Attorney or other prosecuting attorney, shall constitute an information against the person arrested and served with the traffic ticket. . ." 22 O.S. 303 [22-303] (1961) reads as follows: "The County Attorney shall subscribe his name to informations filed in the county supervised by superior or district courts and endorse thereon the names of witnesses known to him at the time of filing same. He shall also endorse thereon the names of such other witnesses as may afterwards become known to him at such time as the Court may by rule prescribe. All informations shall be verified by either the prosecuting attorney, complainant or some other person." As set out in the above two statutes, the filing of the traffic ticket when endorsed by the District Attorney does become an information and under 22 O.S. 303 [22-303] must be endorsed by him before becoming so. In a long line of cases the Court has held, that the information, to be valid, must be endorsed by the District Attorney or one of his assistants. OPINION It is, therefore, the opinion of the Attorney General that the first question be answered in the negative. All uniform traffic citations, when the arrested person has not entered a plea of guilty in writing, must be signed by the District Attorney or one of his qualified acting assistants before the ticket can be docketed and assigned a number. It is the opinion of the Attorney General that the second question be answered in the negative. 22 O.S. 1114.3 [22-1114.3] (1968) sets out procedures whereby the uniform traffic citation does become an information. 22 O.S. 303 [22-303] (1968) requires that all informations filed must be endorsed by the District Attorney. Therefore, the ticket could not be a valid information unless so endorsed. (Fred H. Anderson)